## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JEFFREY HAWKER,
    Appellant,

  v.

DEPARTMENT OF VETERANS
 AFFAIRS,
    Agency.

DOCKET NUMBER
DC-1221-22-0006-W-1

DATE: February 13, 2024

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Elaine Fitch</u>, Esquire, Washington, D.C., for the appellant.

<u>Amanda E. Shaw</u>, Roanoke, Virginia, for the agency.

<u>Timothy M. O'Boyle</u>, Esquire, Hampton, Virginia, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed the appellant's individual right of action (IRA) appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact;

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to find that the appellant established exhaustion regarding his first two alleged disclosures in his October 12, 2021 affidavit and failed to establish contributing factor for several of his alleged disclosures through methods other than the knowledge/timing test, we AFFIRM the initial decision.

## DISCUSSION OF ARGUMENTS ON REVIEW

The appellant exhausted disclosures (1) and (2), but the administrative judge's contrary findings do not warrant reversing the initial decision.

In response to the administrative judge's order to establish Board jurisdiction over his appeal, Initial Appeal File (IAF), Tab 3, the appellant filed an October 12, 2021 affidavit in which he claimed to have made the following disclosures:

(1) "concerns" regarding "studies or procedures being performed incorrectly" expressed to individuals in the radiology department;

(2) "concern" regarding the safety of his supervisor's performance of "some procedures" expressed to his supervisor;

(3) his supervisor performed a carotid artery stent (CAS) without using a cerebral embolic protection device, which placed the patient at a significant risk of a stroke, made to the agency Office of Inspector General (OIG);

(4) "multiple failures within the [radiology] department, patient safety issues, and studies performed that did not meet the standards of care," made to an agency Human Resources Specialist; and

(5) radiologists were performing procedures, such as CAS and transjugular intrahepatic portosystemic shunts (TIPS), beyond their scopes and the scopes of the facility and staff, made to OIG.

IAF, Tab 5.

In finding that the appellant failed to exhaust disclosures (1) and (2), the administrative judge, citing, inter alia, *Ward v. Merit Systems Protection Board*, 981 F.2d 521, 526 (Fed. Cir. 1992), stated that to satisfy the exhaustion requirement, the appellant must inform the Office of Special Counsel (OSC) of the precise ground of his whistleblowing charge, giving OSC a sufficient basis to pursue an investigation that might lead to corrective action. IAF, Tab 11, Initial Decision (ID) at 9. Based on the Board's clarification of the substantive requirements of exhaustion in *Chambers v. Department of Homeland Security*, 2022 MSPB 8, ¶¶ 10-11, which was issued after the initial decision, we agree with the appellant's argument on review that such requirements are met when an appellant has provided OSC with sufficient basis to pursue an investigation. *Id.,* ¶ 10; Petition for Review (PFR) File, Tab 3 at 15. The Board also stated in *Chambers* that its jurisdiction over an IRA appeal is limited to those issues that have been previously raised with OSC. 2022 MSPB 8, ¶ 10. An appellant may demonstrate exhaustion through his initial OSC complaint or correspondence with OSC, other sufficiently reliable evidence such as an affidavit or declaration attesting that he raised with OSC the substance of the facts in his Board appeal, or unrebutted statements to that effect on a certified initial appeal form. *Id.,* ¶ 11 & n.7.

Applying the *Chambers* standard, we find that disclosures (1) and (2) were exhausted with OSC as evidenced by OSC's August 2021 close-out letter. The letter stated that the appellant alleged that he "discussed [his] concerns about [his supervisor's] proficiency and perceived lack of training with Imaging Services

staff." IAF, Tab 1 at 16. As the appellant's supervisor was the Chief of Imaging Service and in the radiology department, *id.* at 41; *Hawker v. Department of Veterans Affairs*, MSPB Docket No. DC-1221-14-0802-W-1, Initial Appeal File (0802 IAF), Tab 1 at 13, the inclusion of this alleged disclosure in the close-out letter, which was broad enough to encompass both disclosures (1) and (2), demonstrates that the appellant gave OSC a sufficient basis to pursue an investigation with a scope covering those disclosures.

However, because we agree with the administrative judge that the appellant's alleged disclosures failed to support a nonfrivolous allegation of Board jurisdiction,[2] the administrative judge's findings that the appellant failed to establish exhaustion for disclosures (1) and (2) did not prejudice the appellant's substantive rights and provide no basis for reversing the initial decision. *Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984).

<u>The appellant failed to nonfrivolously allege contributing factor for disclosures (1), (3), (4), and (5) through methods other than the knowledge/timing test.</u>

We also agree with the administrative judge's findings supporting the conclusion that, for disclosures (1), (3), (4), and (5), the appellant failed to

_____

[2] The appellant's assertion that the administrative judge dismissed the appeal due to the appellant's failure to file his original OSC complaint on appeal, PFR File, Tab 3 at 17-18, is incorrect, as the administrative judge located the appellant's original OSC complaint in the record of one of the appellant's prior Board appeals, incorporated it into his analysis, ID at 11 & n.10, 12 & n.11, 13, 17 n.16, 19, 21 n.19, and dismissed the appeal for lack of jurisdiction on other grounds. We also find unpersuasive the appellant's argument, citing *Hessami v. Merit Systems Protection Board*, 979 F.3d 1362, 1369 (Fed. Cir. 2020), that the administrative judge's review of the evidence "in support of" his allegations constituted reversible error. PFR File, Tab 3 at 22-23. *Hessami* states that the Board may not dismiss a whistleblower reprisal appeal on jurisdictional grounds based on a summary review of the evidence on the merits, or by crediting the agency's interpretation of the evidence as to whether an appellant made a prima facie case. 979 F.3d at 1368-69. It is apparent from the administrative judge's analysis that he found that the appellant failed to make a nonfrivolous allegation of jurisdiction based on the appellant's October 12, 2021 affidavit—the document the appellant submitted in response to the order to establish jurisdiction—and not based on a summary review of the evidence on the merits or by crediting the agency's interpretation of the evidence. ID at 15-21. The administrative judge's denial of jurisdiction thus did not violate the proscriptions in *Hessami*.

nonfrivolously allege contributing factor through the knowledge/timing test. ID at 15-16, 18, 20, 21. However, if the appellant fails to satisfy the knowledge/timing test, the administrative judge is required to consider whether the appellant proved contributing factor through other evidence, such as that pertaining to the strength or weakness of the agency's reasons for taking the personnel action, whether the whistleblowing or protected activity was personally directed at the proposing or deciding officials, and whether these individuals had a desire or motive to retaliate against the appellant. *Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶ 65. The administrative judge did not address these other methods, but even when considered, the appellant still failed to establish contributing factor.

The agency's reasons for its personnel actions—which all stemmed from the appellant's lack of competence—were strong, as shown by evidence the appellant filed on appeal. In addition to two unsatisfactory performance appraisals and peer reviews—mostly performed by "outside radiologists"—confirming quality problems in the appellant's work, IAF, Tab 1 at 40-41, 43-44, 51-68; 0802 IAF, Tab 1 at 22, the appellant stated in his OSC complaint that during his second week of employment, which was before he engaged in any whistleblowing activity, IAF, Tab 1 at 16, 99, his supervisor and the Chief of Staff suggested that he needed additional training and that the Chief of Staff told him that it would be better if he "left on [his] own . . . as opposed to being terminated later." 0802 IAF, Tab 1 at 13. This conversation appears to have been confirmed by the appellant's supervisor's notation on the appellant's performance appraisal stating that on May 6, 2013, the supervisor discussed the appellant's performance and "poor procedural skills and store of knowledge" with the Chief of Staff. IAF, Tab 1 at 40. Further, the appellant stated in his OSC complaint that in June 2013, which was prior to any of the alleged whistleblowing activity, his supervisor said that the appellant did not bring the level of expertise the agency had hoped for when they hired him. 0802 IAF, Tab 1 at 13.

For disclosures (1) and (4) regarding unidentified "studies," "procedures," "failures," and "issues," because the appellant failed to specify what was disclosed, there is no indication that the appellant's whistleblowing activity was personally directed at the officials responsible for the alleged personnel actions. Nor is there any indication that those officials had a motive to retaliate against him because the disclosures, for instance, could have reflected negatively on the radiology department or medical center. Accordingly, considering methods for establishing contributing factor other than the knowledge/timing test, the appellant still failed to establish contributing factor for disclosures (1) and (4).

On the other hand, disclosure (3), which was made to OIG and addressed the appellant's supervisor's allegedly unsafe performance of a CAS, was personally directed at the appellant's supervisor, who it can be inferred could have had a motive to retaliate against the appellant because of it. Further, disclosure (5), which was also made to OIG and addressed radiologists performing CAS and TIPS beyond their scopes, though not personally directed at any named individuals in the allegation, could have created a motive to retaliate against the appellant in his supervisor as manager of the radiology department and perhaps even in the Chief of Staff and Director. However, considering the totality of the evidence, including the absence of any indication or allegation that those officials knew of his OIG disclosures when they took the alleged personnel actions, the strength of the agency's reasons for its personnel actions, and the fact that—as evidenced by the appellant's own admissions—the agency's identification of the appellant's performance issues well preceded any of his alleged disclosures, the appellant also failed, under methods for establishing contributing factor other than the knowledge/timing test, to nonfrivolously allege contributing factor for disclosures (3) and (5).[3]

_____

[3] The appellant filed a motion after the close of the record on review requesting leave to file an additional pleading explaining how two Board decisions issued after he filed his petition for review—*Skarada v. Department of Veterans Affairs*, 2022 MSPB 17, and *Wilson v. Department of Veterans Affairs*, 2022 MSPB 7—support his arguments. PFR

**NOTICE OF APPEAL RIGHTS**[4]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S.

---

File, Tab 8. In support of his motion, he cites the Board's discussions relating to whether the appellants in those cases reasonably believed they disclosed evidence of a substantial and specific danger to public health or safety. *Id.* at 5 (citing *Skarada*, 2022 MSPB 17, ¶ 12 n.3; *Wilson*, 2022 MSPB 7, ¶ 40). Once the record closes on review, no additional evidence or argument will be accepted unless it is new and material and was not readily available before the record closed. 5 C.F.R. § 1201.114(k). We considered *Skarada*, *Wilson*, and other recent Board decisions in whistleblower reprisal appeals, and fail to discern how they present a reason to disturb the initial decision. Because our review of those cases does not show a need for any additional pleadings, the appellant's motion is denied.

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case,

and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

<u>http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx</u>.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[5]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                          _____
                                        Gina K. Grippando
                                        Clerk of the Board

Washington, D.C.